**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| MIROSLAW KUREK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:15-cv-317 |
| | : | |
| SAINT-GOBAIN CONTAINERS- | : | |
| VERALLIA, CONSTELLATION | : | JURY TRIAL DEMANDED |
| BRANDS, INC., J. ROGET and | : | |
| CANANDAIGUA WINE COMPANY, | : | |
| | : | |
| Defendants. | : | |

**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS OF DEFENDANTS
CONSTELLATION BRANDS, INC., J. ROGET, and CANANDAIGUA WINE
COMPANY**

Defendants Constellation Brands, Inc., J. Roget, and Canandaigua Wine Company

(collectively "Answering Defendants"), through their undersigned counsel, hereby submit their

Answer, Affirmative Defenses and Cross-Claims as follows:

**JURISDICTION AND VENUE**

1.      Denied.  The allegations of this paragraph constitute legal conclusions to which

no response is required, and therefore they are denied.

2.      The allegations of this paragraph are addressed to parties other than Answering

Defendants, and accordingly, Answering Defendants need not respond.

3.      Denied.  The allegations of this paragraph are conclusions of law to which no

response is required, and therefore they are denied.  To the extent the allegations of this

paragraph are deemed to be factual in nature, they are denied.

4.      Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

5.      Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

<u>**THE PARTIES**</u>

6.      Answering Defendants incorporate by reference and make a part hereof the allegations in the preceding and subsequent paragraphs as if set forth herein at length.

7.      Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

8.      The allegations of this paragraph are addressed to parties other than Answering Defendants, and accordingly, Answering Defendants need not respond.

9.      Denied in part, denied as stated in part.  It is admitted only that Constellation Brands, Inc. is a Delaware corporation with its principal place of business in New York.  The remaining allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.

10.     Denied.  J. Roget is a registered trademark of Constellation Brands, Inc. and an assumed name (d/b/a) under which Constellation Brands, Inc. does business.

11.     Denied.  Canandaigua Wine Company is a previous name of the entity now named Constellation Brands, Inc.

12.     Answering Defendants incorporate by reference and make a part hereof their Disclosure Statement Form, which was filed with the Court on January 29, 2015.

## FACTUAL BACKGROUND

13.     Answering Defendants incorporate by reference and make a part hereof the allegations in the preceding and subsequent paragraphs as if set forth herein at length.

14.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

15.     Denied as stated.  It is admitted only that J. Roget is a registered trademark of Constellation Brands, Inc.

16.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

17.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

18.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

19.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same

20.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

21.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

22.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this

paragraph are deemed to be factual in nature, Answering Defendants are without knowledge or information sufficient to form a belief as to their truth, and therefore deny the same.

## ALLEGATIONS COMMON TO ALL COUNTS

23.     Answering Defendants incorporate by reference and make a part hereof the allegations in the preceding and subsequent paragraphs as if set forth herein at length.

24.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

25.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

26.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

27.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

28.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

29.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

## <u>COUNT I – Plaintiff v. All Defendants – STRICT LIABILITY (§402A)</u>

30.     Answering Defendants incorporate by reference and make a part hereof the allegations in the preceding and subsequent paragraphs as if set forth herein at length.

31.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

32.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

33.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

34.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

35.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

36.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

37.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

38.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing Plaintiff's complaint in its entirety, with prejudice, together with all costs, fees and such other relief as this Court deems appropriate.

### COUNT II – Plaintiff vs. All Defendants - NEGLIGENCE

39.     Answering Defendants incorporate by reference and make a part hereof the allegations in the preceding and subsequent paragraphs as if set forth herein at length.

40.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

41.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

42.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.

43.     (a.-j.) Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

44.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing Plaintiff's complaint in its entirety, with prejudice, together with all costs, fees and such other relief as this Court deems appropriate.

## COUNT III – Plaintiff v. All Defendants – BREACH OF WARRANTY

45.     Answering Defendants incorporate by reference and make a part hereof the allegations in the preceding and subsequent paragraphs as if set forth herein at length.

46.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

47.     Denied.  The allegations of this paragraph are conclusions of law to which no response is required, and therefore they are denied.  To the extent the allegations of this paragraph are deemed to be factual in nature, they are denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing Plaintiff's complaint in its entirety, with prejudice, together with all costs, fees and such other relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred in whole or in part for failure to state a cause of action against Answering Defendants upon which relief can be granted.

2.     Plaintiff's claims are barred in whole or in part due to the applicable statute of limitations.

3.      Plaintiff's claims are barred due to the absence of any liability-producing conduct on the part of Answering Defendants.

4.      The accident was solely caused by the negligence, carelessness and/or recklessness of Plaintiff, co-defendant and/or a third party.

5.      Plaintiff's claims are barred or appropriately reduced by the Pennsylvania Comparative Negligence Act and/or the doctrine of contributory negligence.

6.      The alleged injuries and damages, if any, were caused by and arose out of risks of which the Plaintiff had full knowledge and assumed.

7.      Answering Defendants were not negligent and acted carefully, reasonably and prudently under the circumstances.

8.      Answering Defendants in no way breached any duty, if any, owed to Plaintiff.

9.      Answering Defendants performed each and every duty owed to Plaintiff, if any.

10.      If a product distributed or sold by Answering Defendants was involved in the accident in this case then any alleged injury, damage or loss allegedly sustained by Plaintiff was caused by the abnormal and unforeseeable use, misuse or abuse of the product.

11.      The instructions and warnings provided with the product were proper, adequate and legally sufficient.

12.      Answering Defendants assert that Plaintiff's alleged injuries, damages and losses are the result of an independent, intervening agency, party or instrumentality over which Answering Defendants had no control, nor duty to control.

13.      Plaintiff's claims may be barred or reduced by the apportionment of damages doctrine.

14.     Plaintiff's claims are barred, in whole or in part, because the injury, loss and damage allegedly sustained by Plaintiff were caused by the supervening conduct of others that was not proximately or actually caused by any conduct, alleged or otherwise, on the part of Answering Defendants, and, thus, were not foreseeable.

15.     At all relevant times, the knowledge of other persons and business entities, and the ability of such other persons and business entities to take action to prevent the injuries of which Plaintiff complain, was superior to that of the Answering Defendants, and therefore, if there was any duty to warn Plaintiff, the duty was on those other persons and business entities and not on the Answering Defendants.

16.     The Answering Defendants are immune from liability for any conduct performed in conformance with government specifications.

17.     The Answering Defendants at all times relevant hereto, complied with all applicable federal, state and other regulations.

18.     The product which is the subject of this litigation was not defective nor unreasonably dangerous as a matter of law.

19.     Any injuries claimed by Plaintiff pre-existed the claimed incident and were not related to the claimed accident or the Answering Defendants' actions or inaction.

20.     Some or all of the injuries, losses, and damages allegedly sustained by Plaintiff are, or may be, the result of accidents, illnesses, or injuries occurring prior to, or subsequent to, the incident at issue, or which otherwise are idiosyncratic in nature and unrelated to the incident at issue.

21.     Answering Defendants assert the doctrine of federal preemption as a complete defense to the Plaintiff's claims in this matter in that federal regulatory regimes preempt those claims.

22.     Answering Defendants reserve the right to add or delete Affirmative Defenses as more information is obtained through discovery.

23.     Answering Defendants adopt and incorporate by reference any affirmative defenses asserted by any other defendant to the extent such affirmative defenses also apply to Answering Defendants.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing Plaintiff's complaint in its entirety, with prejudice, together with all costs, fees and such other relief as this Court deems appropriate.

## CROSS-CLAIMS AGAINST SAINT GOBAIN CONTAINERS-VERALLIA n/k/a ARDAGH GLASS, INC.

24.     With liability being expressly denied, if Plaintiff suffered injuries or damages as alleged in the Complaint, or as set forth in any other cross-claims, the same being expressly denied, then it is alleged that such injuries or damages were caused solely by and as a direct or proximate result of the careless, negligent and/or reckless conduct of Co-Defendant Saint Gobain Containers-Verallia, n/k/a Ardagh Glass, Inc.

25.     If Answering Defendants are held liable to any party for all or part of the damages which were allegedly sustained, which are specifically denied by Answering Defendants, then Co-Defendant Saint Gobain Containers-Verallia, n/k/a Ardagh Glass, Inc., is solely liable to Plaintiff and/or liable over to Answering Defendants by way of contribution and/or complete indemnification, contractual or otherwise, based on the apportionment of fault and/or responsibility for the occurrence alleged by Plaintiff.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiff, dismissing Plaintiff's complaint in its entirety, with prejudice, together with attorneys' fees, costs of suit, and such other relief as this Court deems appropriate.

COZEN O'CONNOR


By: ____/s/ Matthew A. Glazer_____
Matthew A. Glazer (PA I.D. No. 204540)
Michael P. Zabel (PA I.D. No. 310278)
1900 Market Street
Philadelphia, PA  19103
Telephone: 215-665-5556
Facsimile: 215-665-2013

Dated:  January 29, 2015                    *Attorneys for Defendants Constellation Brands,*
*Inc., J. Roget, and Canandaigua Wine Co.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Matthew A. Glazer , Esquire, hereby certify that a true and correct copy of the

foregoing Answer was served on January 29, 2015, upon the following counsel via the court's

electronic filing system:

Dominik Rostocki, Esquire
THE ROSTOCKI LAW FIRM, LLC
1835 Market Street
Suite 2626
Philadelphia, PA 19103
*Attorney for Plaintiff*

Alexander Nemiroff, Esquire
L. Evan Van Gorder, Esquire
OGLETREE DEAKINS
1735 Market Street
Suite 3000
Philadelphia, PA 19103
*Attorney for Defendant Saint-Gobain Containers-Verallia*

COZEN O'CONNOR

By: _____/s/ Matthew A. Glazer_____
         Matthew A. Glazer